**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Megan O'Connor

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN O'CONNOR,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>PAYPAL, INC.,<br><br>　　　　　　Defendant. | Case No.:<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>1. THE ELECTRONIC FUND TRANSFER ACT (EFTA), 15 U.S.C. §§ 1693, ET SEQ.;<br><br>2. THE ELDER ABUSE AND DEPENDENT ADULT CIVIL PROTECTION ACT (EADACPA), WELF. & INST. CODE, §§ 15610, ET SEQ.;<br><br>3. BREACH OF CONTRACT<br><br>JURY TRIAL DEMANDED |

//
//
//
//
//
//
//

**INTRODUCTION**

1. The Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 et seq. ("EFTA"), is a federal law that protects consumers when they transfer funds electronically. The EFTA outlines requirements for banking institutions and consumers to follow when errors occur. The EFTA also requires banks to provide certain information to consumers. Under this act, consumers can challenge errors, have them corrected, and receive financial penalties.

2. The Elder Abuse and Dependent Adult Civil Protection Act, Welf. & Inst. Code, §§ 15610, et seq. (EADACPA), protects elderly persons and dependent adults from, among other things, neglect and abandonment, and the deprivation by a care custodian of services that are necessary to avoid physical harm or mental suffering.

3. Additional measures were taken in 1991 to encourage victims and attorneys to prosecute claims of egregious abuse in a civil forum. These measures included adding a section to the Act which provided a plaintiff certain remedies "in addition to all other remedies otherwise provided by law." (Welf. & Inst. Code, § 15657). Section 15657 provides that a plaintiff may recover attorney fees, costs and punitive damages, as well as pain and suffering in survival actions, if the plaintiff proved by clear and convincing evidence that the defendant was liable for physical abuse, neglect, or financial abuse and that the defendant was guilty of recklessness, oppression, fraud, or malice in the commission of the abuse. (Welf. & Inst. Code, § 15657, subd. (a)).

4. Plaintiff MEGAN O'CONNOR ("Plaintiff") brings this action to challenge the actions of Defendant PAYPAL, INC. ("Defendant" or PayPal) regarding Defendant's wrongful investigation of fraudulent claims, violating the protections of the EFTA, EADACPA, and Breach of Contract, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of

those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that named Defendant.

**JURISDICTION AND VENUE**

10. Jurisdiction of this Court arises pursuant to original jurisdiction due to EFTA being a federal statute; and supplemental jurisdiction for Plaintiff's claims under California state law arising from the same common nucleus of facts.

11. This action arises out of Defendant's violations of the Electronic Fund Transfers Act, 15 U.S.C. §§ 1693, et seq.; The Elder Abuse and Dependent Adult Civil Protection Act, Welf. & Inst. Code, §§ 15610, et seq.; and Breach of Contract.

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Los Angeles County, California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

- 3 -
COMPLAINT

## PARTIES

14. Plaintiff is an individual who resides in Los Angeles County, California, who is a PayPal user from whom Defendant failed to properly investigate a fraudulent claim reported by Plaintiff while continuing to hold Plaintiff liable for said unauthorized fraudulent transactions.

15. Plaintiff is a "dependent adult" pursuant Welf. & Inst. Code § 15610.23 who is a person between the ages of 18 and 64 years who resides in this state and who has physical or mental limitations that restrict his or her ability to carry out normal activities or to protect his or her rights.

16. Plaintiff is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

17. Defendant is s a Delaware corporation with a corporate headquarters are located at 2211 North First Street, San Jose, California 95131.

18. PayPal is an immensely popular digital payments platform with an estimated 325 million active account holders worldwide.

19. Through Defendant's platform, users make online money transfers to other users, serving as an electronic alternative to traditional paper methods such as cash, checks and money orders. The company further operates as a payment processor for online vendors, auction sites and other commercial users.

20. As part of the functionality of Defendant's platform, users may maintain a PayPal balance account where funds are kept until used or transferred by the account holder. As with traditional banks, PayPal users can transfer funds into their PayPal balance accounts from other banking sources. In addition, they can receive payments to their PayPal accounts from other users or third parties. Vendors and service providers in particular have the option of receiving payments from their customers directly to their PayPal accounts.

//
//
//

## FACTUAL ALLEGATIONS

21. Plaintiff's PayPal account was hacked, accessed, or utilized by an unauthorized individual on or around September 9, 2021. As a result, there were three unauthorized withdrawals or funds transfers from the account to MetaBank, National Association. Plaintiff never used such an account before, and these were fraudulent unauthorized transfers.

22. Plaintiff is a quadriplegic that mainly utilizes her PayPal account for her health care expenses and a Disney+ subscription and does not regularly check the status of her PayPal account.

23. On or around November 9, 2021, Plaintiff first learned that her PayPal account may have been hacked and noticed the fraudulent unauthorized funds transfers.

24. Plaintiff immediately contacted PayPal by telephone to dispute the transactions and informed PayPal that her account was hacked, and the withdrawals or funds transfers were fraudulent and not made by her. During this phone call with PayPal, Plaintiff explained she uses her PayPal account only for her Disney+ subscription and her own health care, and informed PayPal that she is a quadriplegic with a limited fixed income, as she lives solely on Social Security Income for her disability and relies on care for all her activities of daily life.

25. Following this phone call with PayPal, Plaintiff received an automated email confirmation that a case had been opened by Defendant related to the fraudulent transfers.

26. One week later, on or around November 16, 2021, Plaintiff received an email notice from PayPal that it had concluded the funds transfers or transactions she had disputed in her fraud claim were not unauthorized, or there had been no unauthorized use of her account.

27. On or around November 18, 2021, Plaintiff submitted another claim disputing the fraudulent unauthorized transactions or funds transfers on her account

through the PayPal application on her mobile phone and uploaded several photographs demonstrating that her account was indeed hacked. Along with this second dispute, Plaintiff provided a copy of her driver's license, proof that the name, picture, address, telephone number, and email address associated with her PayPal had all been changed to and by someone other than herself, and Plaintiff included a copy of a bank statement showing her accurate address in California.

28. Following this second dispute, Plaintiff received confirmation that her information was being reviewed by Defendant.

29. One week later, on or around November 25, 2021, Plaintiff received a second notice from PayPal that her fraud claim had been denied again.

30. On or around November 28, 2021, Plaintiff also received an email from PayPal indicating that PayPal had purportedly reviewed her fraud claim, and PayPal denied her claim based on its determination that the transactions were not unauthorized.

31. Plaintiff continued to attempt to dispute these fraudulent unauthorized funds transfers and contacted PayPal on or around December 9, 2021 to request that PayPal investigate the disputed transactions. Plaintiff communicated with a manager who opened another case to investigate the fraudulent charges received an email confirmation from PayPal that another case was being opened by PayPal to investigate her claim. Plaintiff also received email the following day, on or around December 10, 2021, confirming that her case had been submitted.

32. In disputing the fraudulent unauthorized transactions again, Plaintiff provided Defendant with the same information and/or documents that Plaintiff previously provided on or around November 18, 2021 showing her PayPal had been hacked.

33. After this third dispute, on or around December 14, 2021, PayPal finally arrived at the correct determination that the fraudulent transactions were not authorized, and PayPal ultimately returned the funds that were fraudulently transferred from Plaintiff's account.

34. The abovementioned transactions were unauthorized electronic funds transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).
35. Defendant's efforts misrepresenting Plaintiff to be personally liable for the fraudulent unauthorized transactions also intruded upon the solitude, seclusion, and private affairs of Plaintiff.
36. Defendant's actions were substantial and highly offensive to Plaintiff as well as an ordinarily reasonable person.
37. Defendant's actions caused Plaintiff to sustain injury, damages, loss, and harm in the form of emotional distress and pecuniary loss as discussed herein.
38. Defendant did not have a reasonable basis for believing that Plaintiff were not the victim of identity theft, and unreasonably denied Plaintiff's prior fraud claims despite being provided with documents and information from Plaintiff demonstrating Plaintiff was a victim of a hacking of her account and Defendant knew or should have known that the transactions were not performed by Plaintiff or were fraudulent or unauthorized.
39. Defendant acted negligently, with oppression and/or recklessness in the handling and investigation of Plaintiff's disputes.
40. Defendant acted with neglect and/or conscious disregard for Plaintiff's rights, safety, and welfare, in failing to reasonably investigate Plaintiff's earlier disputes, and knowingly deprived Plaintiff of funds necessary for her daily living and needed for her health care.
41. Defendant did not have a reasonable basis for believing that the disputed transactions were not unauthorized, or Plaintiff's account was not in error.
42. Defendant knowingly and willfully concluded Plaintiff's account did not have unauthorized transactions when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.
43. Through this conduct, Defendant violated 15 U.S.C. § 1693f.
44. Through this conduct, Defendant violated 15 U.S.C. § 1693g.

## CAUSES OF ACTION

## COUNT I

## Violation of The Electronic Funds Transfer Act

## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of EFTA and to the detriment of Plaintiff.

47. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## COUNT II

## Violation of the Elder Abuse and Dependent Adult Civil Protection Act

## Welf. & Inst. Code §§ 15600, et seq. (EADACPA)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Pursuant to Welf. & Inst. Code § 15610.07, "Abuse of an elder or a dependent adult" includes: (1) Physical abuse, neglect, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering; (2) The deprivation by a care custodian of goods or services that are necessary to avoid physical harm or mental suffering; (3) Financial abuse, as defined in Section 15610.30.

50. Pursuant to Welf. & Inst. Code § 15610.30(a), "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both; (2) Assists in taking, secreting, appropriating, obtaining, or retaining real or

personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both; (3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 15610.70. Pursuant to Welf. & Inst. Code § 15610.30(b), A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult.

51. Plaintiff contends that through its actions and/or omissions, Defendant is liable for neglect and financial abuse, as defined by the EADACPA, as Defendant acted with neglect, oppression, fraud, and/or malice while committing the abuse alleged herein.

52. Defendant failed to adequately assist Plaintiff with her first two reports of the fraudulent transactions or funds transfers on her PayPal account, thereby prolonging Plaintiff's deprivation of such funds necessary for Plaintiff's daily life and health care expenses. Such conduct was particularly egregious as Defendant was given direct notice by Plaintiff that she was on a fixed limited income, as she lives solely on Social Security Income for her disability, and relies on care for all her activities of daily life.

53. Through such conduct, Defendant failed to assist Plaintiff and subjected Plaintiff to neglect and financial abuse, as defined by the EADACPA, and Defendant acted with recklessness, oppression, fraud, or malice while committing such abuse alleged herein.

54. Through its conduct, Defendant failed "to exercise the degree of care that a reasonable person in a like position would exercise" pursuant to Welf. & Inst. Code § 15610.57(a)(1).

55. As a result of such conduct and failures by Defendant, Plaintiff suffered monetary damages as well as mental suffering. Accordingly, Plaintiff is entitled to damages according to proof.

## COUNT III

## Breach of Contract

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Defendant widely promotes that it protects its users from fraud.

58. Specifically, Defendant's website[1] includes the following representations:



59. In addition, Defendant's website claims that it keeps users safe with Fraud Prevention; and states that "Every transaction is monitored in real time and accounts are analysed to help prevent fraudulent activity and payments."[2]

60. Also, Defendant's User Agreement contains a section titled "Unauthorized Transactions & Other Errors," which states: "PayPal will protect you from unauthorized activity in your PayPal account. When this protection applies,

---

[1] https://www.paypal.com/c2/webapps/mpp/paypal-safety-and-security?locale.x=en_C2
[2] *Id*.

COMPLAINT

    PayPal will cover you for the full amount of the unauthorized activity as long as you cooperate with us and follow the procedures described below."³ Defendant's User Agreement then goes on to state:

> **Reporting an Unauthorized Transaction**
>
> You should contact **PayPal customer service** immediately if you believe:
> - there has been an Unauthorized Transaction sent from your account;
> - there has been unauthorized access to your account;
> - your PayPal login information has been lost or stolen; or
> - any device you have used to access your PayPal account has been lost, stolen or deactivated.
>
> You must give us all the available information relating to circumstances of any Unauthorized Transactions, and/or misappropriated or unauthorized use of your account, and take all reasonable steps requested to assist PayPal in its investigation.
>
> If you notify us of an Unauthorized Transaction within sixty (60) days of the transaction and we are satisfied that it was an Unauthorized Transaction, you will be eligible for 100% protection for the Unauthorized Transaction.

61. Plaintiff agreed to the User Agreement when Plaintiff created a PayPal account and in doing so, relied on such representations that her account would be safeguarded from fraudulent activity and unauthorized transactions.

62. Plaintiff performed her obligations under Defendant's User Agreement and immediately informed Defendant of the unauthorized activity on her account and provided all information available to her regarding the unauthorized transactions and unauthorized use of her account.

63. Despite Plaintiff performing her obligations under Defendant's User Agreement, Defendant breached its contractual obligations by failing to reasonably investigate Plaintiff's repeated disputes and failing to provide her "100% protection for Unauthorized Transaction[s]" as promised.

64. As a direct and proximate result of Defendant's conduct and omissions in breach of its own contract, Plaintiff has suffered harm and injury, including not only emotional distress, but deprivation of much-needed funds, as Plaintiff is a

---

³ https://www.paypal.com/c2/webapps/mpp/ua/useragreement-full?locale.x=en_C2#protection-unauth

quadriplegic with a limited fixed income living solely on Social Security Income for her disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- An award of general and compensatory damages according to proof;
- An award of punitive damages, as may be allowed, according to proof; and
- Any and all other additional relief the Court may deem just and proper.

## TRIAL BY JURY

65. Plaintiff is entitled to, and hereby demands, a trial by jury on all issues so triable.

Dated: September 22, 2022       Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   s/ Mona Amini
      DAVID MCGLOTHLIN, ESQ.
      MONA AMINI, ESQ.

*Attorneys for Plaintiff*